IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

STEVEN ADRIEN OUANDJI,            )
                                  )
        Plaintiff,              )
                                  )
v.                                )    Case No. CIV-16-1303-C
                                  )
VINCENT HEDGLEN and the           )
UNITED STATES OF AMERICA,         )
ex rel. UNITED STATES POSTAL      )
SERVICE,                          )
                                  )
        Defendants.             )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this suit alleging negligence and negligence per se after a motor vehicle operated by a United States Postal Service employee struck Plaintiff while he was riding a skateboard down a city street. Defendant answered and asserted counterclaims of negligence and negligence per se. Now before the Court is Plaintiff's Motion to Dismiss Counterclaim. (Dkt. No. 9.) Defendant/Counterclaimant United States of America (referred to as Defendant for clarity) has responded and the Motion is now at issue.

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and the subsequent decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a complaint or counterclaim must contain enough allegations of fact which, when taken as true, "state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Claimants must "nudge[] their claims across the line from conceivable to plausible"

to survive a motion to dismiss.  Id.  Thus, the starting point in resolving Plaintiff's Motion is to examine the factual allegations supporting each claim Plaintiff wishes the Court to dismiss.

Defendant's counterclaims of negligence and negligence per se are based on the motor vehicle/skateboarder collision that occurred on December 14, 2015.  Defendant claims Plaintiff was "carrying, riding, pushing or propelling a skate board southward on James Garner Avenue" towards an intersection after sunset.  (D.'s Answer and Countercl., Dkt. No. 8, p. 9.)  Plaintiff was wearing dark clothing without lighting devices or reflective material to alert vehicles of his presence on the roadway.  Defendant states Plaintiff was at least 4.5 feet from the side of the road and traveling slower than the normal speed of traffic.

To establish the negligence claim, Defendant must prove the following:  "1) a duty of care owed by [Plaintiff] to [Defendant], 2) [Plaintiff]'s breach of that duty, and 3) injury to [Defendant] caused by [Plaintiff's] breach of that duty."  Lowery v. Echostar Satellite Corp., 2007 OK 38, ¶ 12, 160 P.3d 959, 964 (citations omitted).  Plaintiff presents arguments related to comparative negligence, superseding causes, and presumptions rather than how Defendant failed to state a claim of negligence.  These arguments are better suited for summary judgment or trial.  Here, Defendant stated a plausible claim for negligence; a reasonable jury could conclude that Plaintiff breached the duty owed to Defendant when he rode down the street at night, wearing dark clothing without reflective gear, 4.5 feet from the curb, therefore causing a foreseeable danger by not making his presence known to other travelers on the road.

The second claim is negligence per se, and the Oklahoma Supreme Court has defined its elements: "(1) the injury must have been caused by the violation; (2) the injury must be of a type intended to be prevented by the ordinance; and (3) the injured party must be one of the class meant to be protected by the ordinance." Hampton ex rel. Hampton v. Hammons, 1987 OK 77, ¶ 12, 743 P.2d 1053, 1056 (citation omitted). Taking the facts as true, if Plaintiff were abiding by City of Norman Ordinance Sec. 20-404(a)[*] and was closer to the sidewalk, he could have moved out of harm's way or Defendant's vehicle could have passed by safely within the lane.

Plaintiff claims the ordinances relied upon by Defendant are for the protection of pedestrians rather than for drivers. However, it is plausible the ordinances were enacted to protect a broad class of motorists, pedestrians, and riders who interact on the roads and sidewalks. Therefore, a rational trier of fact could find Defendant is of the class intended to be protected. Thus, Defendant has met the prima facie elements and this claim will not be dismissed.

---

[*] The ordinance states "[a]ny person operating a bicycle upon a roadway at less than normal speed of traffic at the time and place and under the conditions then existing shall ride as close as practicable to the right-hand curb or edge of the roadway . . . ." Norman, Okla., Mun. Code § 20-404(a) (1975) https://www.municode.com/library/ok/norman/codes/code_of_ordinances?nodeId=COOR_CH20TRRE_ARTIVBI_S20-404RIST.
Plaintiff makes the argument this ordinance should not apply, but the argument asserted relates to what duty a motor vehicle operator owes to either a cyclist or pedestrian, which is not at issue. Here, the question is what duty did Plaintiff, the skateboarder, owe to Defendant, the motor vehicle operator. The Court finds a skateboarder is more like a cyclist than a pedestrian when he is traveling on the road on a device with wheels, propelled by human power. Compare Norman, Okla., Mun. Code § 20-103 with Norman, Okla., Mun. Code § 20-121 (defining pedestrian as "a person afoot").

## CONCLUSION

For the reasons stated, Plaintiff's Motion to Dismiss Counterclaim (Dkt. No. 9) is DENIED.

IT IS SO ORDERED this 30th day of March, 2017.

*[Signature]*
ROBIN J. CAUTHRON
United States District Judge