IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVEN ADRIEN OUANDJI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-16-1303-C |
| | ) | |
| VINCENT HEDGLEN, and the | ) | |
| UNITED STATES OF AMERICA, | ) | |
| ex rel. UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On December 14, 2015, Plaintiff was riding his skateboard southbound in the southbound lane of a public street in Norman, Oklahoma. A mail truck owned by Defendant, United States Postal Service, and operated by Defendant's employee who was acting in the course and scope of his employment, struck Plaintiff from behind. Plaintiff now seeks to recover damages for the injuries, while Defendants have filed a counterclaim, seeking to recover damages to the mail truck.

Arguing that the undisputed material facts entitle him to judgment, Plaintiff has filed a Motion for Partial Summary Judgment. Plaintiff's Motion is premised upon two arguments. First, he argues that the testimony of Defendants' expert demonstrates that the mail truck overdrove its headlights; that is, that the mail truck was being driven faster than the distance within which it could stop as illuminated by the headlights. Plaintiff argues that Oklahoma law is clear that a driver must be able to stop within the distance illuminated by his headlights or he is driving too fast or has inadequate headlights.

Plaintiff's other argument is that he was only a condition on the roadway, rather than a cause of the accident. Defendants argue that Plaintiff misapplies the analysis performed by its expert and that the law on which Plaintiff relies to establish his status as a condition rather than a cause – it is distinguishable.

While Plaintiff's analysis of the expert's opinion is one possible conclusion that can be reached, it is not the only one, nor is it a conclusion that is so supported by the report that a reasonable factfinder[*] would be required to find as Plaintiff argues. Accordingly, Plaintiff's Motion for Partial Summary Judgment on this issue will be denied.

Plaintiff's second argument hinges on whether he was a cause of the accident or a mere condition of the road. Relying on various Oklahoma "parked car" cases, Plaintiff asserts he was a mere condition and therefore any negligence on his part cannot be considered as a cause of the accident. The Court is unpersuaded by Plaintiff's arguments on this point. In the cases relied upon by Plaintiff, the original act of negligence had ended without injury. It was only when there was then a subsequent act of negligence that created injury that a "condition" was found to exist. Here, any potential act of negligence by Plaintiff was continuing at the time of the accident; that is, he was still riding his skateboard down the road. To the extent the factfinder could find that that act by Plaintiff was negligent, then that negligence continued at the time of any negligence on the

---

[*] Because this matter is brought pursuant to the Federal Tort Claims Act, the Court will serve as the factfinder for both Plaintiff's claims and Defendants' counter claim. See Terminal Warehouse of New Jersey v. United States, 91 F.Supp. 327 (D. N.J. 1950).

part of the driver of the postal vehicle. In that regard, any negligence of Plaintiff remained a cause rather than a condition. See Jackson v. Jones, 1995 OK 131, ¶ 9, 907 P.2d 1067, 1073.

Because questions of fact remain, Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 29) is DENIED.

IT IS SO ORDERED this 5th day of April, 2018.

ROBIN J. CAUTHRON
United States District Judge