IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVEN ADRIEN OUANDJI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-16-1303-C |
| | ) | |
| VINCENT HEDGLEN, and the | ) | |
| UNITED STATES OF AMERICA, | ) | |
| ex rel. UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion to Dismiss Counterclaim. Therein, Defendant asks the Court to dismiss the Counterclaim it filed pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiff objects, arguing that because the counterclaim sought recovery for property damage he may be entitled to attorneys' fees pursuant to 12 Okla. Stat. § 940, as the prevailing party on that claim.

Defendant directs the Court to Hull by Hull v. United S, 971 F.2d 1499 (10th Cir. 1992), in support of its argument that Plaintiff cannot recover attorneys' fees in this case. Plaintiff argues this case is inapposite as it addresses recovery of fees between clients and attorneys under the Federal Tort Claims Act ("FTCA"). Plaintiff's analysis of the case is incorrect. The Tenth Circuit quoted the Supreme Court stating: "'Except to the extent it has waived its immunity, the Government is immune from claims for attorney's fees.'" Hull, 971 F.2d at 1509, quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983). Thus, the Circuit recognized that absent a specific waiver, the government is immune from

fees. The Eleventh Circuit has carefully explained that no such waiver can be found in the FTCA.

> The FTCA does not expressly provide for attorneys' fees against the United States. The only mention of attorneys' fees within the FTCA occurs in Section 2678, which prohibits an attorney from charging fees in excess of 25 percent of the judgment. Section 2678 was amended in 1966, at which time Congress raised that limit on attorneys' fees from 20 percent to the present level of 25 percent. The legislative history of that amendment indicates that its purpose was to "assure competent representation and reasonable compensation" in matters litigated under the FTCA. S.Rep. No. 1327, 89th Cong., 2d Sess. (1966), *reprinted in* 1966 U.S.Code Cong. & Ad.News 2515, at 2520. The increase was intended to encourage attorneys to take claims under the FTCA, and to bring attorneys' fees under that act "more nearly in line with those prevailing in private practice." Id.
>
> If Congress had intended at the time of the 1966 amendment to encourage attorneys to bring FTCA claims not by increasing the percentage of the judgment available to attorneys but, instead, by providing for an award of attorneys' fees from the United States, Congress could easily have done so. However, the legislative history implies that Congress viewed FTCA claims as typically involving contingent fee arrangements. The 1966 amendment was designed to bring the permissible contingent fee more nearly in line with that which prevailed in tort claims against private parties. The FTCA does not contain the express waiver of sovereign immunity necessary to permit a court to award attorneys' fees against the United States directly under that act.

Joe v. United States, 772 F.2d 1535, 1536-37 (11th Cir. 1985).

Plaintiff suggests that 28 U.S.C. § 2412(b) provides statutory evidence of a waiver of sovereign immunity. However, the Eleventh Circuit rejected that argument in Joe:

> We hold that the term "statute," within the meaning of 28 U.S.C.A. § 2412(b), refers only to federal statutes. Thus, the attorneys' fees provision applicable to medical malpractice cases under Florida law does not entitle appellant to an award of attorneys' fees from the United States.

Joe, 772 F.2d 1537.

2

Because the United States has not waived its sovereign immunity, Plaintiff cannot recover attorneys' fees on the Counterclaim even if he is determined to be the prevailing party. Because that is the only basis offered in objection to the request for dismissal, the request will be granted.

For the reasons set forth herein, United States' Motion to Dismiss Counterclaim (Dkt. No. 49) is GRANTED.

IT IS SO ORDERED this 2nd day of May, 2018.

ROBIN J. CAUTHRON
United States District Judge