IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STEVEN ADRIEN OUANDJI,        )
                              )
        Plaintiff,             )
                              )
vs.                           )     No. CIV-16-1303-C
                              )
VINCENT HEDGLEN, and the      )
UNITED STATES OF AMERICA,     )
ex rel. UNITED STATES POSTAL  )
SERVICE,                      )
                              )
        Defendants.            )

## MEMORANDUM OPINION AND ORDER

Following completion of the bench trial in this matter, the Court enters the following Findings of Fact and Conclusions of Law.

1. On December 14, 2015, Plaintiff was riding a skateboard southward on James Garner Avenue in Norman, Oklahoma.

2. Plaintiff was riding near the middle of the southbound lane.

3. Plaintiff was wearing dark clothing with no reflective material.

4. There was some streetlighting in the area where Plaintiff was riding.

5. At the same time, Defendant Hedglen was operating a United States Postal Service vehicle southbound on James Garner Avenue.

6. Defendant Hedglen struck Plaintiff from behind.

7. There was no evidence that Defendant Hedglen applied his brakes or took other evasive action prior to striking Plaintiff.

8. Defendant Hedglen testified, "I looked up and he was just there."

9. As a result of being struck, Plaintiff sustained a head injury and a road rash (a skin injury to his back and leg).

10. Plaintiff was transported to Norman Regional Hospital via ambulance.

11. Plaintiff received eleven staples to his scalp.

12. He then had a follow-up appointment at his local medical facility for staple removal.

13. Plaintiff incurred medical bills of $12,733.66.

## Conclusions of Law

Plaintiff brought his case pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), asserting negligence. In a claim brought pursuant to the FTCA, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Section 1346(b)(1) further provides that the United States' liability is determined in the same manner as "if a private person[] would be liable to the claimant in accordance with the law of

the place where the act or omission occurred." Thus, in this matter, questions of liability against either Plaintiff or Defendant are governed by Oklahoma law.

Under Oklahoma law, to prevail on a negligence claim Plaintiff must demonstrate "1) a duty of care owed by defendant to plaintiff, 2) defendant's breach of that duty, and 3) injury to plaintiff caused by defendant's breach of that duty." Lowrey v. Echostar Satellite Corp., 2007 OK 38, ¶ 12, 160 P.3d 959, 964 (citations omitted). Defendant argues that even if the Court finds its driver was negligent, Plaintiff was contributorily negligent. Under Oklahoma law, "[c]ontributory negligence is an act or omission on the part of a plaintiff amounting to want of ordinary care which, together with the negligence of the defendant, is the proximate cause of the plaintiff's injury." Thomason v. Pilger, 2005 OK 10, ¶ 10, 112 P.3d 1162, 1166 (citing Sloan v. Anderson, 1932 OK 782, 18 P.2d 274).

After considering the evidence presented by the parties during trial, and the pleadings filed in this matter, the Court finds that Defendant Hedglen was negligent, as he was either inattentive to his driving[1] or driving faster than the conditions permitted.[2] The Court also finds that Plaintiff Steven Ouandji was negligent for

---

[1] Mr. Hedglen testified that he "looked up and Plaintiff was just there."

[2] Although all witnesses testified that Mr. Hedglen was traveling within the posted speed limit, Officer Rhynes testified that regardless of the posted speed limit drivers must adjust their speed to the prevailing conditions.

riding his skateboard down the road at night. Near the middle of the lane of traffic, wearing dark clothing with no reflective material. The Court apportions the negligence to each party as 80% to Defendant and 20% to Plaintiff. In reaching this determination, the Court rejects the findings of Defendant's expert, finding his conclusions lacked any support. Rather, the expert's conclusions appeared to be result-driven. The expert determined the result he wanted to accomplish and then tailored his analysis of the surrounding facts to support that conclusion. The Court finds he was not a credible witness in this matter.

The Court also finds that the medical charges relating to the examination of Plaintiff's low back are not recoverable in this action. There does not appear to be any support from either the testimony or the record demonstrating that a need existed for that medical care. Accordingly, Plaintiff's requested medical expenses will be reduced by the $1,680 charge from St. David's Round Rock Medical Center, the $438 charge from Longhorn Emergency Medical Association, and the $34 charge from the Austin Radiological Association. Thus, the Court finds Plaintiff's compensable medical expenses to be $10,581.66.

After considering Plaintiff's testimony regarding the pain and suffering and noting the extent of injury, the determination that Plaintiff had suffered a concussion and the likely long-term effects of that injury, as well as the scarring, the Court finds

that Plaintiff is entitled to $39.418.34 in pain and suffering damages, bringing Plaintiff's total award of damages to $50,000.00. The Court notes that this is the maximum that can be awarded in this case as that is the amount sought by Plaintiff when he filed his administrative notice. 28 U.S.C. § 2675(b). In the event Defendant had prevailed on its argument regarding the amount of Plaintiff's medical bills, the Court would have increased the amount of pain and suffering damages and Plaintiff's recovery would remain $50,000.00. Reducing the award by 20% for Plaintiff's contributory negligence, judgment will enter in favor of Plaintiff in the amount of $40,000. A separate judgment will issue.

    IT IS SO ORDERED this 21st day of May, 2018.

ROBIN J. CAUTHRON
United States District Judge